NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30149 |
| Plaintiff-Appellee, | D.C. No. 6:18-cr-00007-SEH-1 |
| v. | |
| JOHN COE RICHARDSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 7, 2019[**]
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and GAITAN,[***] District Judge.

John Richardson was convicted of two instances of disorderly conduct, one

at a federal courthouse in violation of 41 C.F.R. § 102-74.390 ("Courthouse

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

Offense"), and another at a Veterans Affairs hospital in violation of 38 C.F.R. §
1.218(b)(11) ("VA Offense"). He was sentenced to 15 days in jail for the
Courthouse Offense and two years probation for the VA Offense. Richardson
appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. For the first time on appeal, Richardson argues that district courts in
Montana can never impose a prison sentence for petty offenses like his Courthouse
Offense because the District of Montana's Local Criminal Rule 58.1 allows all
persons charged with petty offenses the right to settle, rather than defend against,
any such charges by paying a fine. We review any alleged sentencing errors raised
for the first time on appeal for plain error, *United States v. Ameline*, 409 F.3d 1073,
1078 (9th Cir. 2005) (en banc), and find none. Nothing in the District of Montana's
local criminal rules supports Richardson's interpretation, and federal regulations
allow a term of imprisonment of no more than 30 days for disorderly conduct
violations under 41 C.F.R. § 102-74.390. *See* 41 C.F.R. § 102-74.450.

2. Richardson also argues the district court denied him due process by
sentencing him to a term of imprisonment after he chose to defend himself, rather
than pay a fine to settle his Federal Offense. Richardson's argument finds no
support in the record.

3. Despite conceding below that his VA Offense was a Class B
misdemeanor, Richardson now argues that it is a mere infraction for which the

2

only authorized punishment is a $250 fine. However, because 38 C.F.R. § 1.218(b) authorizes "a term of imprisonment of not more than six months" for disorderly conduct at a VA facility, Richardson's VA Offense is a Class B misdemeanor, not an infraction. *See* 18 U.S.C. § 3559(a)(7). "A defendant who has been found guilty of an offense may be sentenced to a term of probation," except under circumstances not present here. 18 U.S.C. § 3561(a).

**AFFIRMED.**